# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CORNELL W. BARBER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 05-3127-CV-S-RED-H |
| Robert McFadden, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he complains about actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's claims are without merit, it will be recommended that he be denied leave to proceed in forma pauperis.

Petitioner alleges that his two to eight year sentence is illegal under District of Columbia law; that his sentences have been improperly aggregated by the District of Columbia Board of Parole ["D.C. Board"] and the United States Parole Commission ["USPC"]; and that he has repeatedly been denied parole because of false information. Specifically, he alleges that he improperly received a point in his salient factor score for having no history of abuse of heroin/opiates; his rehearing after the D.C. Board's 1992 revocation of his parole was improperly delayed, as was his next rehearing; the USPC's notice of action was not signed; and the USPC is indifferent to his rehabilitation.

Having fully reviewed the record, the Court finds that, to the extent that petitioner is challenging the legality of his federal sentence, the petition is improperly filed under 28 U.S.C. §

1

2241. Because petitioner was convicted in the District of Columbia Superior Court, his claim that his two to eight year sentence from that Court is illegal must filed in the sentencing court, pursuant to 28 U.S.C. §2255. Therefore, this Court has no jurisdiction over his challenges to the legality of that sentence.

Petitioner also claims that his sentences have been improperly aggregated by the D.C. Board and the USPC. It is clear, however, that the D.C. Department of Corrections computed his sentence prior to his transfer to federal custody. Since he has been in federal custody, the BOP has been responsible for calculating his federal sentence. Therefore, his claims against the USPC regarding the calculation of his sentence are without merit and should be dismissed. Further, the record indicates that his sentence has been properly calculated by the BOP. An investigation of the BOP's computation of petitioner's sentence was conducted by Dennis Bitz, the Attorney Advisor for the Medical Center. According to his declaration, the investigation, which involved a review of the sentence computation by a sentence computation specialist employed at the District of Columbia Records Center, indicated that the computation of petitioner's sentence is correct. The only relevant matters were an award of jail credit, which the specialist concluded benefitted petitioner, and an award of good time credit, which should have been three days rather than 48 days.

It is also petitioner's contention that he has been denied parole because of false information. He asserts that there was an error on his salient factor score, and it is one point higher than it should be. As respondent indicates, however, any alleged error would have benefitted him, as a higher salient factor score suggests that an inmate is a better parole risk. Accordingly, petitioner suffered no prejudice from any alleged error.

Regarding petitioner's claim that his rehearing after the D.C. Board's 1992 revocation of

2

parole was improperly delayed, the record indicates that he signed a waiver of parole consideration. Therefore, he has no grounds to complain that he did not receive a timely hearing. He also contends that the Board set a hearing in 1998, and that it was not heard by the USPC until 1999. Petitioner has failed to demonstrate that he was prejudiced by a few months delay in the parole hearing, particularly considering the fact that the decision was based on his serious criminal history and risk to the community, factors that would not have changed in a short time span. Additionally, the USPC was not bound by a hearing date set by the D.C. Board.

Petitioner's claim that the notice of action was not signed and is therefore invalid is also without merit. There is no requirement that a notice of action be signed by a particular individual; further, there is nothing in the record to indicate that the notices of action in his case did not comply with applicable federal regulations.

Petitioner also contends that the USPC is indifferent to his participation in rehabilitative programs, and that his participation entitles him to be released on parole. The record indicates, however, that his positive prison adjustment was noted by the Commission. The decision which was made, at the discretion of the agency, was based on its conclusion that his prison adjustment did not alter the fact that his serious criminal history rendered him a continuing threat to society.

Despite petitioner's contentions, a full review of the record indicates that his claims are without merit. Accordingly, it must be recommended that the petition for writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

petition herein for a writ of habeas corpus be dismissed without prejudice.

                                         /s/ James C. England
                                         JAMES C. ENGLAND, CHIEF
                                         United States Magistrate Judge

Date: 06/01/06